Ruger, Ch. J.
We think'the plaintiff failed to prove that the injury received by him was attributable to any act of negligence on the part of the defendant. The omission to prove this fact is quite as fatal to the action as a neglect to prove the absence of contributory negligence. While both of these essential facts may be established by circumstantial evidence, it must be by the proof of such facts as will support a legitimate inference of the existence of the issuable facts required to be established by the plaintiff. The only suggestion of negligence on the part of the defendant consists in a claim that the car driver accelerated its motion as the boy was crossing the road.
The case was submitted to the jury by the trial judge on this theory alone, and there is nowhere a hint of any other circumstance upon'which a claim of negligence could be predicated. The difficulty with this claim is that there is no legal proof to support it, or circumstances from which it can be legitimately inferred.
The plaintiff testified that he looked and saw the car and had time to cross the track. In truth the experiment demonstrated that he erred in judgment, and instead of clearing the car horse he ran against the dash board, and it is only by assuming the infallibility of the judgment of a boy twelve years of age that any basis is claimed to have been established for the further assumption that the motion of the car had been accelerated. This mere guess of an inexperienced boy cannot be made the basis of a finding of fact by a jury. The driver of the car at the time the accident occurred was a competent man who happened to be a passenger, and was employed by the regular driver to relieve him while the latter was temporarily engaged in expelling a gang of lawless boys from the back platform of the car which they had hung around for several blocks and had once already by their accumulated weight on the back part of the car thrown from its track. This temporary driver was called as a witness for the plaintiff, but was not questioned upon the point whether he had at any time whipped up the horse. His whole evidence, however, *814 tended to rebut the inference that he had done so. This witness had no interest in the transaction, and his evidence produces the impression that he was a careful and conscientious narrator of the facts witnessed by him. Heither the plaintiff, who was a witness for himself, nor the two boys, who were called to corroborate his version of the transaction, state that there was any whipping of the horse, or acceleration of speed after the plaintiff attempted to cross the track. The 'plaintiff states, expressly, that he did not see the driver whip up the horse.
. The evidence, upon the plaintiff’s own version, shows the case of a careless boy, with his eyes open to the danger incurred, attempting to cross a track in front of a moving car and erring in judgment as to the chances of doing so safely.
There was an almost overwhelming preponderance of evidence against the version of the transaction given by the plaintiff, and: to show that he was one of the party who were unlawfully attempting to invade the car. But for the purpose of deciding this appeal we have chosen to assume the truth of his evidence and consider the case upon his own statement.
We are of the opinion that it fails to establish a case against the defendant. There are, also, circumstances in that' evidence quite inconsistent with the theory of the plaintiff’s freedom from contributory negligence; but we rest the decision of the case upon the fact of the absence of proof of negligence on the part of the defendant
The judgment is, therefore, reversed and a new tnal ordered, with costs to abide the event.
, All concur.